UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDO GOUSSE, individually and on behalf of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>WHITE AID MEDICAL SUPPLIES INC. and WILLIAM CENSOR,<br><br>*Defendants.* | Case No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff LEONARDO GOUSSE ("Plaintiff") individually and on behalf of other persons similarly situated, by their attorneys, Law Office of Mohammed Gangat, individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as their complaint against WHITE AID MEDICAL SUPPLIES INC. and WILLIAM CENSOR (together "Defendants" or "White Aid") as follows:

1. White Aid is a rapidly growing Durable Medical Equipment (DME) company that distributes and services medical equipment to hospitals, rehab/skilled nursing facilities, as well as to our patients in the home setting throughout New York City and its surrounding areas.

2. This is an action on behalf of drivers working for White Aid for unpaid wages, breach of contract damages, and other relief. Plaintiff began working for White Aid as a driver on or about December 14, 2021 and the employment ended in or about June 2023.

3. Throughout the relevant time period, Defendants controlled the terms and conditions of Plaintiffs' employment, and the employment of similarly situated drivers, by, among other things: directing which deliveries to make and when including the time for pick and the location. Defendants, not their drivers, determined the work schedules of Plaintiff and the other drivers by coercing drivers to work specified days (including weekends) and nights, and for specified lengths of time; setting the prices of all deliveries; controlling the payment of drivers' wages; and creating extensive rules and regulations for drivers, breach of which allows the Company to terminate a driver's employment.

4. By willfully and unlawfully misclassifying its drivers as "independent contractors," the company has denied them benefits that the law affords to employees. In particular, the company has: failed to reimburse or indemnify drivers for employment-related expenses and losses; taken wrongful deductions from drivers' wages; coerced drivers to purchase necessary services and items; failed to pay drivers minimum wage and overtime compensation; and failed to track and document drivers' actual hours worked, as required by federal and New York law. Upon information and belief, this misclassification policy has been in effect since before the relevant state and federal statutory periods.

5. This lawsuit seeks payment of all unpaid overtime and minimum wage compensation, together with liquidated damages and interest, and the recovery of all unlawful deductions that Company has taken from the wages of Plaintiffs. pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs also seek attorneys' fees and costs.

6. Plaintiffs also bring claims pursuant to the New York State Labor Law ("NYSLL"), which provides for payment of overtime and minimum wages to employees,

and prohibits unlawful deductions from employees' wages. *See* NYSLL §§ 190 *et seq*.; *id.* §§ 650 *et seq*.

7. Plaintiffs also bring breach of contract claims because Company has systematically underpaid Class Members less than the agreed compensation in their contracts, and because Company has forced the Class Members to purchase insurance through Company at inflated prices not reflective of its cost and has charged drivers for fees in violation of the Plaintiffs' contracts.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction because Plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b). *See* 28 U.S.C. § 1331. The Plaintiff has each signed a consent form to join this lawsuit.

9. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiff's FLSA claims as to be part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendant Company N.Y.'s primary place of business is in this District and Defendant Company is doing business in this District and, therefore, resides in this district. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred within this District.

11. This Court has personal jurisdiction over the Company because the Company has its principal place of business in New York. This Court has personal jurisdiction over the Company, because, upon information and belief, it operated in N.Y. and is engaged in a continuous and systematic course of doing business in New York, and

transacts business in New York that forms the basis of this suit.

## PARTIES

12. Plaintiff is a resident of Nassau County, NY.

13. White Aid is a New York Corporation and lists with the NY DOS the following service of process address: Name: WILLIAM CENSOR; Address: 674 MYRTLE AVE, BROOKLYN, NY, UNITED STATES, 11205.

14. Upon information and belief, Defendant William Censor ("Individual Defendant") is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

15. Upon information and belief, during the prior 3 years, the Individual Defendant had authority over the Corporate Defendant's management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate Defendants' porter/janitorial employees and other employees and their decisions directly affected the nature and condition of such employees' employment.

16. Upon information and belief, during the prior 3 years, the Individual Defendant (1) had the power to hire and fire porter/janitorial employees of the Corporate Defendant, (2) supervised and controlled the porter/janitorial employees' schedules and conditions of employment, (3) determined the rate and method of payment of the porter/janitorial employees, and (4) maintained employment records related to the

porter/janitorial employees.

17. Plaintiff is informed, believes, and thereon alleges, that the Individual Defendant was, at all times relevant to this action, the agent, representing partner, and/or joint venturer of the other Corporate Defendant.

18. Plaintiff is further informed, believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein.

## FACTUAL ALLEGATIONS

19. During the relevant periods, upon information and belief, White Aid has employed over 50 Drivers to pick up, transport, and drop off medications and supplies, at times and locations, and for prices, determined by Defendants.

20. Defendants retain and exercise extensive control over the day-to-day work of the Drivers. The Drivers are assigned specific deliveries and locations and times for picking them up and dropping them off each day. The Drivers may work only when they are assigned deliveries and may not pick up deliveries on their own.

21. Defendants employ dispatchers, customer service representatives, and other managerial employees at their dispatch facilities, who obtain and assign jobs to the Drivers. Upon information and belief, Defendants' managerial employees have supervisory responsibility over the Drivers. Upon information and belief, the customer service representatives field complaints about the Drivers, which may then be used to discipline the Drivers. Defendants' dispatchers instruct the Drivers where to go and what to do. The Drivers interact with Defendants' personnel throughout their workday.

22. The Drivers are required to purchase and maintain, in a minimum amount set by Defendants, various types of insurance, including liability, property damage, fire, theft, and comprehensive and collision insurance.

23. All the drivers work under the same conditions. They are assigned a time to come it. Most all drivers work the morning shift. The warehouse opens at 6am, drivers arrive, and are assigned a route. They must deliver every stop on the route, in the manner and the time as directed by White Aid. They must work until every delivery is complete. There is no set end time because the number of deliveries and the nature of the deliveries. Plaintiff usually found himself working until 7pm. Plaintiff worked 5 days per week. He was required to work the full 5 day schedule.

24. Upon information and belief, during the relevant time period, the Drivers have routinely worked more than ten hours a day and more than 40 hours a week. They have been required by Company to work late nights, at times weekends, and holidays.

25. Upon information and belief, the Drivers do not work other jobs because of the time commitment White Aid requires.

26. Throughout the relevant time period, Drivers have depended on Defendants for the opportunity to render their services and receive pay.

27. Defendants control the compensation paid to the Drivers. Defendants unilaterally set the prices charged to customers for the services rendered by the Drivers.

28. The Drivers have no control over the rates charged to Defendants' customers.

29. Defendants promulgate and enforce detailed rules and policies that govern, among other things, Driver appearance, vehicle appearance, etc.

30. If a Driver violates the Company's rules, the Company may terminate the Driver's employment.

31. Plaintiff and similarly-situated Drivers perform the services that are the

central, essential portion of Defendants' business: providing and operating the vehicles that transport Defendants' products.

32. Despite Defendants' pervasive control over the Drivers' work, Defendants have uniformly classified and treated the Drivers as non-employee "independent operators."

33. As a result of Defendants' misclassifying the Class Members as "independent operators," Defendants have failed to indemnify the Class Members for employment-related expenses, including: the costs of obtaining their vehicles; operation costs associated with the vehicle, such as fuel, maintenance, repair, cleaning, and licensing; insurance premium; costs of maintaining cellular telephone for use by Defendants' customers; and the costs of maintaining Defendants' dispatch equipment. Plaintiffs are informed and believe, and on that basis allege, that Defendants have taken deductions from the Class Members' compensation to cover additional employment-related expenses including, but not limited to, dispatch fees, credit card fees, and equipment fees.

34. As a result of Defendants misclassifying the Class Members as "independent operators," and the long hours Defendants have required the Class Members to work, Defendants have willfully and knowingly failed to pay premium overtime compensation to Plaintiffs and similarly-situated Class Members for hours worked in excess of 40 hours per week.

35. As a result of Defendants misclassifying the Class Members as "independent operators," and the long hours Defendants have required the Class Members to work, and taking into account the employment-related expenses and deductions the Class Members are forced to bear, Defendants have failed to pay minimum

wage compensation to Plaintiffs and similarly- situated Class Members for all hours worked.

36. As a result of Defendants misclassifying the Class Members as "independent operators," Defendants have willfully and knowingly failed to pay an additional hour's pay at the minimum hourly wage rate for each day on which Plaintiffs and the Class Members worked ten or more hours.

37. As a result of Defendants misclassifying the Class Members as "independent operators," Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiffs and similarly-situated Class Members. In addition, Defendants have failed to provide an annual notice that must be provided to employees containing information required by New York law.

38. Plaintiff is informed, believe, and on that basis allege, that as a result of Defendants misclassifying the Class Members as "independent operators," Defendants have not properly maintained payroll records showing the actual hours worked each day by the Class Members, including Plaintiffs.

39. As a result of Defendants misclassifying the Class Members as "independent contractors," Defendants have willfully and knowingly failed to pay Drivers, upon termination of employment, all accrued compensation due.

## Collective Action Allegations

40. Plaintiff brings this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly-situated employees are:

**Collective Class**: All persons who worked as drivers for Company in N.Y. during the period commencing six years prior to the filing of the action through the entry of final

judgment in this action.

41. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than 40 hours per week without overtime compensation, and at a rate sometimes below the minimum wage.\

42. Defendants' unlawful conduct has been repeated and consistent.

43. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation.

44. Upon information and belief, Defendants knew that Plaintiff and the Collective Class members were not paid the minimum wage for hours worked. Plaintiffs and the Collective Class members routinely earned below minimum wage as a result of the expenses and deductions that Defendants required Plaintiffs and the Collective Class members to bear.

45. Defendants misclassified Plaintiffs and the Collective Class members as independent contractors who were not offered the protection of Federal minimum wage and overtime laws. Defendants misrepresented to these employees that they were independent contractors and therefore not entitled to minimum wages or overtime pay.

## **Class Action Allegations**

46. Plaintiffs bring the New York law claims alleged herein as a class action on behalf of all persons who worked as Drivers for the Company in N.Y. during the Class Period.

47. The New York class claims may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The claims satisfy the requirements of Rule 23, and the proposed Class is easily ascertainable.

48. <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendants employed over two hundred people who satisfy the definition of the New York Class Members.

49. <u>Typicality</u>: Plaintiff's claims are typical of those of the New York Class Members. Plaintiffs, like other Class Members, worked as Drivers for Defendants and were misclassified as independent contractors. Plaintiffs and the Class Members have all sustained similar damages in that they have been under-compensated due to Defendants' misclassification of them. Plaintiffs' duties were typical of the Class, and Plaintiffs were subject to the same common policies and practices by which Defendants controlled the conduct of other Class Members.

50. <u>Adequacy</u>: Plaintiff is a member of the Class, does not have any conflicts of interest with the Class, and will prosecute the case vigorously on behalf of the Class. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, and in particular, misclassification litigation.

51. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class Members that predominate over any question affecting only individual members of the class. These common questions of law and fact include, without limitation:

52. Whether the Class Members have served Defendants as employees rather than independent contractors under New York law;

53. Whether the Class Members have necessarily incurred employment-related expenses and losses in carrying out their duties for Defendants, and whether Defendants have knowingly and intentionally failed to indemnify the Class Members

for those expenses and losses in violation of NYSLL § 193;

54. Whether Defendants have knowingly and intentionally made improper deductions from the compensation paid to the Class Members in violation of NYSLL § 193;

55. Whether Defendants have required, encouraged, or permitted the Class Members to work in excess of 40 hours per week;

56. Whether Defendants knew or should have known that the Class Members regularly worked over 40 hours per week;

57. Whether Defendants have knowingly and intentionally failed to pay the Class Members minimum wage for all hours worked in violation of NYSLL § 652;

58. Whether Defendants have failed to pay the Class Members overtime wages for time worked in excess of 40 hours per week in violation of NYSLL § 652 and 12 NYCRR § 142-2.2;

59. Whether Defendants have knowingly and intentionally failed to pay the Class Members spread of hours pay in violation of NYSLL § 652 and 12 NYCRR § 142-2.4;

60. Whether Defendants have knowingly and intentionally failed to provide the Class Members with an annual notice for employees containing information regarding conditions and terms of employment, as required by NYSLL § 195;

61. Whether Defendants have knowingly and intentionally failed to provide the Class Members with itemized statements showing total hours worked with each payment of wages, as required by NYSLL § 195;

62. The nature and extent of class-wide injury and the measure of damages for those injuries.

## FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage – FLSA
**(Brought on behalf of Plaintiffs and the Collective Class)**

63. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

64. Plaintiff consents in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as Plaintiffs.

65. At all relevant times, notwithstanding Defendants' classification of Plaintiff and similarly-situated Drivers as independent contractors, Defendants exercised control over the terms and conditions their work so that they were actually "employees" within the meaning of 29 U.S.C. § 203(d).

66. Defendants, through integrated operations, were Plaintiff and the other Drivers' "employers" within the meaning of 29 U.S.C. § 203(d).

67. Defendants, as owners, officers and/or management of Defendants, were responsible for the wage and hour practices complained of herein and are therefore considered "employers" within the definition of 29 U.S.C. § 203(d).

68. Plaintiffs and the Drivers directly facilitated the movement of products engaged in business that included interstate transactions, and also transported products across state lines. Plaintiff and the Drivers are therefore employees "engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. §§ 206(a), 207(a).

69. Defendants' operations, individually and collectively, constitute an "enterprise" as defined in 29 U.S.C. § 203(r). The annual gross volume of sales made or

business done by Defendants' operations, individually and collectively, is in excess of $500,000. Accordingly, Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

70. Pursuant to Section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206, the federal minimum wage for the three years preceding the filing of this Complaint was $7.25 per hour.

71. During the Class Period, Plaintiff and the other Drivers have each worked weeks in which they earned less than the federal minimum wage, after deductions and expenses.

72. Defendants, by the above acts, have violated 29 U.S.C. § 206.

73. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a)

### SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage – NYSLL
### (Brought on behalf of Plaintiffs and the New York Class)

74. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

75. At all relevant times, notwithstanding Defendants' classification of Plaintiff and the Class Members as independent contractors, Defendants exercised control over the terms and conditions of Plaintiff and the Class Members' work so that they were actually "employees" within the meaning of NYSLL § 651.

76. Defendants, through integrated operations, were Plaintiff's and the Class Members' "employers" within the meaning of NYSLL § 651.

77. Defendants, as owners and/or officers of Defendants, were responsible for the wage and hour practices complained of herein and are therefore considered

"employers" within the definition of NYSLL § 651.

78. Pursuant to Section 652 of the NYSLL, the minimum rate of wage for the six years preceding the filing of this complaint was owed.

79. During the Class Period, Plaintiff and the Class Members have each worked weeks in which they earned less than the applicable minimum wage, after deductions and expenses.

80. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.1.

81. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wage – FLSA (Brought on behalf of Plaintiffs and the Collective Class)**

82. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

83. Plaintiff and the similarly-situated Drivers regularly worked more than 40 hours per week during their employment with Defendants.

84. At all relevant times, Defendants have not paid Plaintiff and the Drivers at the statutorily required overtime rate of 1.5 times their normal hourly wage for the hours worked in excess of 40 hours in a week.

85. Defendants, by the above acts, have violated 29 U.S.C. § 207.

86. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

## FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wage – NYSLL (Brought on behalf of Plaintiffs and the New York Class)**

87. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

88. At all relevant times, Defendants have not paid Plaintiff and the Class Members at the statutorily required overtime rate of 1.5 times their normal hourly rate for the hours worked in excess of 40 hours in a week.

89. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.2.

90. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

## FIFTH CAUSE OF ACTION
**Failure to Pay Spread of Hours Pay – NYSLL
(Brought on behalf of Plaintiffs and the New York Class)**

91. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs as if set forth fully herein.

92. For each day in which the "spread of hours" from the beginning of Plaintiff's and the Class Members' day to the end of the day exceeded ten hours, Defendants failed to pay them an additional hour's pay at the minimum hourly wage rate.

93. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.4.

94. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

## SIXTH CAUSE OF ACTION
### Unlawful Deductions - NYSLL
**(Brought on behalf of Plaintiffs and the New York Class)**

95. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

96. At all relevant times, notwithstanding Defendants' classification of Plaintiff and the Class Members as independent contractors, Defendants exercised control over the terms and conditions of their work so that they were actually "employees" within the meaning of NYSLL § 190.

97. Defendants, through integrated operations, were Plaintiff and the Class Members' "employers" within the meaning of NYSLL § 190.

98. Defendants, as owners and/or officers of Defendant Company, were responsible for the wage and hour practices complained of herein and are therefore considered "employers" within the definition of NYSLL § 190.

99. Pursuant to Section 193 of the NYSLL, Defendants were prohibited from deducting any wages from Plaintiffs' and the Class Members' pay.

100. Defendants violated Section 193 of the NYSLL by deducting various employment-related expenses, including but not limited to, insurance fees, reservation fees, and credit card fees, and other fines and penalties.

101. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 198.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Wages When Due – NYSLL
**(Brought on behalf of Plaintiffs and the New York Class)**

102. Plaintiffs repeat and re-allege the allegations set forth in the foregoing paragraphs as if set forth fully herein.

103. Defendants misclassified Plaintiffs and the Drivers as independent contractors, and therefore failed to pay them overtime and minimum wage when due, among other wages owed.

104. Plaintiffs and the Class Members were "manual workers" as defined in NYSLL § 190(4).

105. Pursuant to NYSLL § 191(1)(a), Defendants were obligated to pay Plaintiffs and the Class Members their earned wages no less than weekly.

106. By failing to pay earned wages for the reasons set forth above, Defendants have violated NYSLL § 191.

107. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 198.

### EIGHTH CAUSE OF ACTION
**Notice and Recordkeeping Requirements – NYSLL (Brought on behalf of Plaintiffs and the New York Class)**

108. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if recited at length herein.

109. Pursuant to NYSLL § 195, Defendants were required to furnish Plaintiff and the Class Members with an annual notice containing the rate or rates of pay and the basis thereof, whether paid by hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section 191 of the NYSLL; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and such other information as the commissioner deems material and necessary.

110. Defendants failed to provide Plaintiff and the Class Members with any such notice at any time during their employment.

111. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 198.

## NINTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements – NYSLL
**(Brought on behalf of Plaintiffs and the New York Class)**

112. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

113. Pursuant to NYSLL § 195, Defendants were required to provide Plaintiff and the Class Members with accurate wage statements setting forth: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

114. Defendants did not provide accurate wage statements to Plaintiff and the Class Members for all weeks worked.

115. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of himself and the above-described Collective and New York Classes, respectfully requests that this Court enter judgment:

a. certifying the above-described New York Class as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. designating Plaintiffs as representative of the Rule 23 Class, and counsel of

    record as Class Counsel;

c. providing class notice to all Class Members;

d. determining that this action may be maintained as a collective action under 29 U.S.C. § 216(b) of the FLSA;

e. declaring that the acts and practices complained of herein are in violation of the FLSA and the NYSLL;

f. awarding Plaintiffs and the Class Members all unpaid wages due as a result of Defendants' violations of the minimum wage provisions of the FLSA and the NYSLL;

g. awarding Plaintiffs and the Class Members all unpaid wages due as a result of Defendants' violations of the overtime provisions of the FLSA and the NYSLL;

h. awarding Plaintiffs and the Collective Class Members liquidated damages under 29 U.S.C. § 216(b);

i. awarding Plaintiffs and the New York Class Members liquidated damages under NYSLL § 663;

j. awarding Plaintiffs and the Class Members all wages that were unlawfully deducted from their paychecks;

k. awarding Plaintiffs and the Class Members damages for all wages that were not timely paid;

l. awarding Plaintiffs and the Class Members liquidated damages as provided for in NYSLL § 198;

m. awarding Plaintiffs and the New York Class Members an additional hour's pay at the minimum wage rate for each day on which Plaintiffs and the Class Members worked ten or more hours, as provided in 12 NYCRR § 142-2.4 and NYSLL §

663;

n. awarding Plaintiffs and the New York Class Members liquidated damages for all spread of hours pay pursuant to NYSLL § 663;

o. awarding Plaintiffs and the New York Class Members statutory damages per day/ week for each day/week Defendants failed to provide appropriate notification pursuant to NYSLL § 195;

p. granting such other and further relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, NY
        August 14, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810,
New York, NY 10017
mgangat@gangatpllc.com
718-669-0714

*Attorneys for Plaintiff*